**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| JOHAN LUIS PONTE CHACON, | |
| Petitioner, | Civil A. No. 26-8072 (RMB) |
| v. | |
| LUIS SOTO, *et al.* | **MEMORANDUM ORDER** |
| Respondents. | |

**IT APPEARING THAT:**

1. Petitioner Johan Luis Ponte Chacon ("Petitioner") filed a Petition for a Writ of Habeas Corpus on July 2, 2026. [Docket No. 1.]

2. Petitioner appeared before Immigration Judge Jacob T. Addicott ("Judge Addicott") on July 28, 2026. [Docket No. 11-1 at 3.] Judge Addicott denied bond on the basis of danger. [*Id.* at 6.]

3. On July 30, 2026, Respondents filed a letter on the docket in these proceedings notifying the Court of these proceedings and renewing their request that the Court deny habeas relief and dismiss the petition. [Docket No. 9 at 2.]

4. That same day, Petitioner requested the Court defer ruling on Respondents' request for dismissal. [Docket No. 10 at 3.]

5.     On August 3, 2026, Petitioner filed a Memorandum of Law in Support of Petitioner's Request for Release Based on Fundamentally Unfair Bond Hearing. [Docket No. 11.]

6.     This Court lacks jurisdiction to review any discretionary determinations underlying the Immigration Judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility,* No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

7.     After review and consideration of Petitioner's submission, this Court concludes that Petitioner has not shown that his bond hearing was fundamentally unfair.

8.     In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Ghanem,* 2022 WL 574624, at *2.

9.     Petitioner submitted documents to the Immigration Court, including evidence of Petitioner's residence and employment, federal income tax returns, a number of Affidavits of Support sworn by family members, friends, and associates in the United States, documentation regarding Petitioner's son, and the disposition of Petitioner's criminal matter, and Petitioner's sworn plea affidavit. [Docket No. 11 at 5.]

10.    Petitioner's counsel presented the documents to Judge Addicott for review and made arguments on Petitioner's behalf. [*See* Docket No. 11-1 at 3–6.]

2

11.    Petitioner admitted that he had an argument with the mother of his child and admitted that "by yelling, he created a public disturbance." [*Id.* at 3.] Petitioner's counsel stated that Petitioner "pled guilty to accept the consequences," but noted that the facts outlined in the initial Complaint were "not accurate" and that the plea notes that Petitioner "did not cause any physical harm." [*Id.* at 3–4.]

12.    The Department of Homeland Security ("DHS") argued that Petitioner was arrested for domestic violence on June 28, 2026, with both parties sustaining injuries. [*Id.* at 5.]

13.    Petitioner argues Judge Addicott did not "meaningful[ly] engage[] with the evidence presented." [Docket No. 11 at 10.] Petitioner further argues that Judge Addicott's determination was not "individualized[,]" [*Id.* at 11–12.] and "allegations prevailed over evidence." [*Id.* at 12.]

14.    Judge Addicott acknowledged the Petitioner's pled down to charges of "public disturbance" pursuant to the plea, and Judge Addicott found "it telling that the initial report by the actual officer on the scene indicates injuries from both individuals, including the victim." [Docket No. 11-1 at 6.] Judge Addicott ultimately concluded that Petitioner is a danger due to "recency[,]" "the seriousness of domestic violence offenses," and regularity of recantations in domestic violence cases. [*Id.*]

15.    Petitioner's arguments are challenges to Judge Addicott's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem,* 2022 WL 574624, at

*2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")

16.     This Court does not express any opinion on whether Judge Addicott came to the correct conclusion, but the record compels a finding that Petitioner received an individualized bond hearing as ordered by this Court.  Any challenge to the decision must be presented to the Board of Immigration Appeals.  Therefore,

**IT IS** on this **12th** day of **August 2026**,

**ORDERED** that the Court finds and declares that the July 28, 2026, bond hearing before an Immigration Judge was conducted in a manner that was fundamentally fair and comported with the requirements of due process; and it is further

**ORDERED** that, for the reasons set forth above, the Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED** to the extent it seeks any relief beyond that previously granted by the Court; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

DATED: <u>August 12, 2026</u>